IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 07-cr-30066-DRH

RAYMOND L. SPINNER,

    Defendant.

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is defendant Raymond L. Spinner's motion to be writ into court (Doc. 58). Defendant seeks an Order compelling his production before this Court to resolve his federal detainer. The government does not seek to compel defendant's production at this time (Doc. 60). Accordingly, the Court **DENIES** defendant's motion.

On April 22, 2010, defendant absconded from his residential re-entry center, violating the conditions of his supervised release (Doc. 55). Thus, on April 23, 2010, the Court issued a federal warrant for defendant's arrest (Doc. 57). However, before defendant could be arrested on his outstanding warrant, he was arrested and sentenced in Madison County, Illinois, for "Home Invasion/Cause Injury" (Doc. 60, p. 2). Defendant has currently served twenty-one months of his twenty-year sentence. The Illinois Department of Corrections incarcerates him at

the Pinckneyville Correctional Center in Pinckneyville, Illinois (Doc. 58, p. 1). Defendant's outstanding federal warrant places him under a detainer at his current state penitentiary. Defendant states this detainer prevents him from holding certain jobs he believes will facilitate his rehabilitation. Thus, defendant filed the instant motion on January 4, 2012, seeking an Order of this Court compelling his production to allow him to resolve his supervised release violations (Doc. 58).

On January 31, 2012, the government responded to defendant's motion (Doc. 60). The government construes defendant's request as an attempt to invoke his rights under the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. 2, § 1 *et seq.* The IADA mandates that a prisoner serving a sentence in one party's jurisdiction, subject to a detainer in another party's jurisdiction, must be returned to stand trial on any untried charges supporting the detainer. *Id.* at § 2. However, the government argues *Carchman v. Nash*, 473 U.S. 716 (1985), forecloses the IADA's applicability from the case at hand. In *Carchman,* the Supreme Court held detainers based on probation violations do not fall with the IADA's scope, as a probation violation "does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution." *Id.* at 725.

Although *Carchman* informs the IADA's inapplicability to detainers based on violation of state probation, the government argues its reasoning applies instantly. Similarly to the petitioner in *Carchman,* the government argues defendant does not currently face a criminal proceeding in this Court, as he is not

being "prosecuted" or "brought to trial" for violating his supervised release conditions (Doc. 60, p. 4) (citing *Carchman*, 473 U.S. at 725). Thus, the government argues the IADA does not give defendant the authority to compel his production before this Court. Although the government argues defendant does not possess the requisite authority under the IADA, it concedes its own discretionary authority to compel defendant's production. However, the government does not seek to do so at this time (Doc. 60, pg. 4) (citing 18 U.S.C. App. 2, § 2, Art. IV(a)). Thus, the government states the IADA does not require this Court to resolve the warrant underlying defendant's detainer, as he does not face an untried criminal charge.

The Court agrees with the government and does not seek defendant's production at this time. Should the government choose to compel defendant's production at a later date, the Court will at that time examine whether the delay prejudiced defendant. Further, the Court finds any adverse impact defendant's federal detainer allegedly imposes upon his state incarceration is unrelated to the instant motion. Accordingly, the Court **DENIES** defendant's motion (Doc. 58).

**IT IS SO ORDERED.**

Signed this 1st day of February, 2012.

David R. Herndon
2012.02.01 12:09:00
-06'00'

**Chief Judge**
**United States District Court**